UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

EMIL MARDENLI,

                Petitioner,              Case No. 1:07-cv-1078

v.                                      Honorable Gordon J. Quist

MARY BERGHUIS,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

      I.        Factual Allegations

Petitioner is incarcerated in the E.C. Brooks Correctional Facility.  Petitioner was convicted in the Oakland County Circuit Court of conspiracy to possess with intent to deliver over 650 grams of cocaine.  After the verdict was read, the trial court polled the jury.  The following exchange took place between the trial court and Juror Estrine:

> Court:  Ms. Estrine?
>
> Juror:  With some reservation, yes.
>
> Court:  But that was your verdict nobody's [sic] forced you to render that verdict? That's your verdict?
>
> Juror:  No verbal response.  Shook head.

The trial court polled the remaining jurors and accepted the verdict of guilty.  Petitioner's defense counsel, Steven Sonenberg, did not object to the verdict on ground of non-unanimity.  Before sentencing, Petitioner asked Sonenberg if he would raise the issue of a non-unanimous verdict at the sentencing hearing and on appeal.  When Sonenberg told Petitioner that the issue had no merit, Petitioner fired him and hired Kenneth Karam to represent him at sentencing and on appeal.  On September 19, 1994, the trial court sentenced Petitioner to a mandatory term of life imprisonment without the possibility of parole.  The Michigan Court of Appeals issued an unpublished opinion affirming Petitioner's conviction on December 29, 1998. Petitioner claims that Karam failed to raise the issue of the non-unanimous verdict at the sentencing hearing and on appeal.  Petitioner did not file an application for leave to appeal in the Michigan Supreme Court.

In 2002, Petitioner retained another attorney, Thomas Wilhelm, to represent him in post-conviction proceedings.  Petitioner instructed Wilhelm to raise the issues of a non-unanimous

verdict, ineffective assistance of trial and appellate counsel and nine other issues. However, on November 18, 2002, Wilhelm filed a motion for relief from judgment in the Oakland County Circuit Court raising only one claim concerning a discovery violation. In December 2002, Petitioner filed a *pro se* amended motion for relief from judgment raising ten issues, including the non-unanimous verdict and ineffective assistance of trial and appellate counsel. The court rejected the amended motion because it did not adhere to the 20-page limit set forth in the Michigan Rules of Court. Petitioner appealed the rejection of his amended motion to the Michigan Court of Appeals. On April 9, 2003, while Petitioner's appeal was pending, the trial court denied his motion for relief from judgment. On August 18, 2003, the Michigan Court of Appeals reversed the trial court's order rejecting Petitioner's amended motion and remanded his case for further proceedings in the trial court. Petitioner claims that the trial court never decided the issues presented in his amended motion for relief from judgment. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on March 22, 2004 and December 29, 2004, respectively.

On November 28, 2006, Petitioner filed a second motion for relief from judgment and a motion for a *Ginther*[1] hearing raising claims of a non-unanimous verdict and ineffective assistance of trial and appellate counsel. The trial court denied his motion for relief from judgment on December 5, 2006, and his motion for reconsideration on December 20, 2006. In both orders, the court stated that Petitioner's motion was precluded under MICH. CT. R. 6.502(G), which provides that only one motion for relief from judgment may be filed with regard to a conviction. The court found that Petitioner's motion did not fall under either of the exceptions for filing a second motion

---

[1] *People v. Ginther*, 212 N.W.2d 922 (Mich. 1973).

set forth in MICH. CT. R. 6.502(G)(2).  The Michigan Court of Appeals and the Michigan Supreme

Court denied his applications for leave to appeal on  March 1, 2007 and July 30, 2007, respectively.

Petitioner now raises the following grounds for habeas corpus relief:

I.   DID THE MICHIGAN COURTS ERRED [SIC] IN NOT CONSIDERING PETITIONER'S FEDERAL AND STATE CONSTITUTIONS [SIC] WHEN THE VERDICT WAS NOT UNANIMOUS UNDER THE MISCARRIAGE OF JUSTICE [SIC]?

II.  WHETHER MICHIGAN COURTS ERRS [SIC] IN NOT CONSIDERING PETITIONER'S MOTION WHEN THE TRIAL COURT CONTINUED THE POLL AFTER A DISAGREEMENT [WAS] DISCLOSED?

III. DID THE MICHIGAN COURTS ERRED [SIC] IN NOT CONSIDERING PETITIONER'S MOTION THAT DEFENDANT WAS DENIED HIS FEDERAL AND STATE CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSELS [SIC], WHICH DENIED HIM "DUE PROCESS" AND "MEANINGFUL APPEAL"?

IV.  IS PETITIONER ENTITLED TO CONSIDERATION OF HIS CLAIMS, BECAUSE HE HAS SHOWN CAUSE AND PREJUDICE AND A FAILURE TO CONSIDER WILL RESULT IN FUNDAMENTAL MISCARRIAGE OF JUSTICE?

II.   Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in

28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[2]  Section 2244(d)(1)

provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of

_____

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Michigan Court of Appeals affirmed Petitioner's conviction on December 29, 1998. He did not appeal to the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (Emphasis added). However, such a petitioner is not

entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court.  *See United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31(2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255).  Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had  . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of the 56-day period for seeking review in the Michigan Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral*, 166 F.3d at 577; *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876, at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)).  Accordingly, Petitioner's conviction became final on February 23, 1999.

Petitioner had one year from February 23, 1999, until February 23, 2000, to file his habeas application.  Petitioner filed the instant petition on ar about October 23, 2007, more than seven years after the statute of limitations expired.  Thus, his application is time-barred.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.  Because Petitioner's one-year period expired on February 23, 2000, his motions for relief from judgment filed in 2002 and 2006 cannot serve to revive the limitations

period.[3] *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at \*2 (6th Cir. Apr. 28, 2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).[4]

Petitioner claims that he is entitled to equitable tolling for the following reasons:

---

[3]In addition, Petitioner's second motion for relief from judgment could not serve to toll the limitations period because it was not a "properly filed"application for State post-conviction review within the meaning of 28 U.S.C. § 2244(d)(2). An application is ""*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). As discussed above, Petitioner was prohibited from filing a second motion for relief from judgment pursuant to M.C.R. 6.502(G)(1). Because Petitioner's second motion was filed in violation of state law, it may not serve to toll the limitations period. *Cf. Young v. Mohr*, No. 99-3015, 1999 WL 1253097, at \*1 (6th Cir. Dec. 17, 1999) (untimely post-conviction petition or appeal is not considered "properly filed" in terms of §2244(d)(2)); *Nooks v. Collins*, No. 98-3243, 1999 WL 98355, at \*1 (6th Cir. Jan. 29, 1999) (for purposes of §2244(d)(2), time should be tolled for any action permitted by state law).

[4]For determining whether equitable tolling should apply, Petitioner relies upon the five-part test set forth by the Sixth Circuit in *Andews v. Orr*, 851 F.2d 146, 152 (6th Cir. 1998). While the Sixth Circuit has applied that test in past cases, this Court is bound by the two-part test set forth by the United States Supreme Court in *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) and reiterated in *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007).

> Petitioner had retained not one but three attorneys to protect his right to trial and appeal under the federal and state Constitutions.  Yet, he was denied that right.  Petitioner does not know when and how to file any appeal, that's [sic] why he had three retained attorneys, however, no attorney filed the issues above.  But in December of 2002, petitioner did file the nonunanimous verdict and the ineffective of counsels [sic], in the trial court, which include[d] ten issues, but the trial court only decided one issue, never ruled on the remaining issues, among them the nonunanimous verdict and the effective [sic] of counsels [sic].  As of today petitioner did not hear [sic] anything on the above issues from the trial court.  In 2003, petitioner filed an appeal in the Michigan Court of Appeals and the Michigan Supreme Court asking them to order the lower court to rule on the remaining issues, they never did. [O]n November 28, 2006, after waiting four years for the lower court to rule on the issues, petitioner filed the nonunanimous verdict and the ineffective [sic] of counsels [sic].  The lower court denied it as a second [motion for] relief from judgment, so as [sic] the appeal courts.  The Michigan Supreme Court denied petitioner's appeal [o]n July 30, 2007.

(Br. in Support of Habeas Pet., 24-25, docket #2).

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing").  Moreover, Petitioner was not diligent in pursuing his claims.  Petitioner waited nearly three  years after the one-year statute of limitations expired (and nearly four years after the last court to consider his case had ruled against him) before he filed his first motion for relief from judgment.

While Petitioner contends that the trial court failed to decide the issues set forth in his subsequent amended motion for relief from judgment, he delayed another two years after the Michigan Supreme Court denied his application for leave to appeal on the first motion for relief from judgment before he took any further action concerning his conviction.  And, again, Petitioner

did not initiate any of these proceedings until nearly three years after the statute of limitations expired.  In light of these significant delays, Petitioner cannot satisfy the diligence requirement for equitable tolling.  Likewise, Petitioner has failed to allege or show that any extraordinary circumstance stood in his way between 1998 and the end of 2002.

Petitioner also argues that he is entitled to equitable tolling because he is actually innocence of the offense.  He reasons that because there was a non-unanimous verdict, he never was found guilty beyond a reasonable doubt, and thus, must be presumed innocent.  The Sixth Circuit has held that a habeas petitioner who demonstrates a credible claim of actual innocence based on new evidence may, in exceptional circumstances, be entitled to equitable tolling of habeas limitations.  *See McCray v. Vasbinder,* No. 06-2381, __ F.3d __ (6th Cir. Aug. 28, 2007); *Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).  A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted).

Petitioner has made no such showing of actual innocence in this case, and certainly has not introduced anything that was not known to the court or the parties at the trial itself.  Petitioner's claim that the verdict was not unanimous is weak at best.  While the juror stated that she

had reservations, she did respond "yes" when asked by the trial court if that was her verdict. According to the trial record, when the trial court further questioned the juror, she "shook her head." While it is not clear from the record in what manner the juror moved her head, it is worth nothing that the trial court immediately moved on to the next juror, which it was unlikely he would have done if the juror was renouncing her verdict. If one presumes a judge does his job properly, or remembers that neither the court, the defense counsel, nor the prosecutor raised an eyebrow at the juror's response, there is nothing but pure speculation on the face of this record to support Petitioner's contention. Also, the mere fact that a juror had reservations about her guilty vote does not render a verdict non-unanimous. Finally, Petitioner has not presented any evidence that he is factually innocent of the offense for which he was convicted. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 510. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied

because it is barred by the one-year statute of limitations.  I further recommend that a certificate of

appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  February 14, 2008                                   /s/ Hugh W. Brenneman, Jr.
                                                            HUGH W. BRENNEMAN, JR.
                                                            United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of
service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and
responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely
objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d
947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).