UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EMIL MARDENLI,

        Petitioner,

v.                                      Case No. 1:07-CV-1078

MARY BERGHUIS,                  HON. GORDON J. QUIST

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objections to the report and recommendation dated February 14, 2008, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied because it is barred by the one-year statute of limitations. The magistrate judge also concluded that Petitioner is not entitled to equitable tolling. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

In concluding that Petitioner is not entitled to equitable tolling, the magistrate judge stated that a petitioner has the burden of demonstrating two elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" (Report and Recommendation at 7 (quoting *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007)). The magistrate judge concluded that, applying this test, Petitioner is not entitled to equitable tolling because Petitioner was not diligent in pursuing his claims and because Petitioner failed to allege that any extraordinary circumstance stood in his way (to prevent him from filing his habeas petition) between

1998 and the end of 2002. Finally, the magistrate judge concluded that Petitioner has failed to make a showing of actual innocence for purposes of invoking equitable tolling.

In his objections, Petitioner asserts that the magistrate judge erred in not applying the Sixth Circuit's five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1998), and that application of those factors supports Petitioner's request for equitable tolling. However, the magistrate judge properly concluded that he was bound by the two-part test set forth by the United States Supreme Court in *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807 (2005), and reiterated in *Lawrence*, *supra*. Petitioner fails to satisfy either of the two *Pace/Lawrence* requirements. As the magistrate judge observed, Petitioner had ample time and opportunity to file a timely petition, but he failed to take advantage of that opportunity.

Petitioner next takes issue with the magistrate judge's observation that Petitioner's non-unanimous jury argument is weak at best. The Court need not address the strength of Petitioner's argument, however, because, the magistrate judge correctly stated Petitioner is not claiming factual innocence, but rather legal innocence. In any event, Petitioner fails to present any new reliable evidence of actual innocence that would justify application of equitable tolling in this case. Accordingly, Petitioner's petition is barred by the one-year limitations period.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473,

120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 14, 2008 (docket no. 4) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.


Dated: March 13, 2008                             /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE